E-FILED
Wednesday, 16 May, 2018 01:21:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, By and Through its Board of Trustees; and | ) ) ) |
| CENTRAL LABORERS WELFARE FUND, By and Through its Board of Trustees; and | ) ) ) |
| CENTRAL LABORERS ANNUITY FUND, By and Through its Board of Trustees; and | ) ) ) |
| CENTRAL LABORERS PENSION SUPPLEMENT, CENTRAL LABORERS RETIREE WELFARE FUND, ILLINOIS LABORERS' & CONTRACTORS JOINT APPRENTICESHIP AND TRAINING PROGRAM, CENTRAL ILLINOIS LABORERS' EMPLOYERS' COOPERATION & EDUCATION TRUST, CENTRAL ILLINOIS LABORERS DISTRICT COUNCIL, SOUTHERN AND CENTRAL ILLINOIS LABORERS' VACATION FUND, | ) ) ) ) ) ) ) ) ) ) ) ) Cause No. 18-3114 |
| Plaintiffs, | ) |
| v. | ) ) |
| TERRY BROWN EXCAVATING, INC. | ) ) |
| Defendant. | ) |

**COMPLAINT**

**COUNT I**

COME NOW Plaintiffs, CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS WELFARE FUND, CENTRAL LABORERS ANNUITY FUND, CENTRAL LABORERS PENSION SUPPLEMENT, CENTRAL LABORERS RETIREE WELFARE FUND, ILLINOIS LABORERS' & CONTRACTORS JOINT APPRENTICESHIP AND

TRAINING PROGRAM, CENTRAL ILLINOIS LABORERS' EMPLOYERS' COOPERATION & EDUCATION TRUST, CENTRAL ILLINOIS LABORERS DISTRICT COUNCIL, SOUTHERN AND CENTRAL ILLINOIS LABORERS' VACATION FUND, by undersigned Counsel, and state as follows for their *Complaint* against Defendant, TERRY BROWN EXCAVATING, INC.:

## Parties

1.  Plaintiff CENTRAL LABORERS' PENSION FUND ("Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.  The Pension Fund maintains its offices at Jacksonville, Morgan County, Illinois, within the territorial jurisdiction of this Court.

2.  Plaintiff CENTRAL LABORERS' WELFARE FUND ("Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.  The Welfare Fund maintains its offices at Jacksonville, Morgan County, Illinois, within the territorial jurisdiction of this Court.

3. Plaintiff CENTRAL LABORERS' ANNUITY FUND ("Annuity Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The Annuity Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan. The Annuity Fund maintains its offices at Jacksonville, Morgan County, Illinois, within the territorial jurisdiction of this Court.

4. The Pension Fund, Welfare Fund and Annuity Fund are the designated collection agents on behalf of CENTRAL LABORERS PENSION SUPPLEMENT ("Pension Supplement"), CENTRAL LABORERS RETIREE WELFARE FUND ("Retiree Welfare"), ILLINOIS LABORERS' & CONTRACTORS JOINT APPRENTICESHIP AND TRAINING PROGRAM ("Training Fund"), CENTRAL ILLINOIS LABORERS' EMPLOYERS' COOPERATION & EDUCATION TRUST ("Central Illinois LECET"), CENTRAL ILLINOIS LABORERS DISTRICT COUNCIL ("District Council"), and SOUTHERN AND CENTRAL ILLINOIS LABORERS' VACATION FUND ("Vacation Fund").

5. Defendant TERRY BROWN EXCAVATING, INC. ("Defendant," or "Terry Brown Excavating") is, and/or was, an Illinois Corporation maintaining its principal place of business at Auburn, Sangamon County, Illinois.

6. Terry Brown Excavating is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the LMRA, as amended, 29 U.S.C. §§ 152(2), (6) and (7).

**Jurisdiction and Venue**

7. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

8. This Court has personal jurisdiction over Terry Brown Excavating, Inc. pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a).

9. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185.

**Facts**

10. Terry Brown Excavating, Inc. is, was, and at all times relevant to this Complaint has been signatory to one or more collective bargaining agreements ("CBA's") with one or more local union(s) affiliated with the District Council and the Laborers International Union of North America ("LiUNA"). *See*, **EXHIBIT A**.

11. Terry Brown Excavating, Inc. is further signatory to and bound by one or more Participation Agreement(s) with the Plaintiff Funds.

12. Pursuant to the CBA's and/or Participation Agreements, Terry Brown Excavating, Inc. agreed to become signatory to and bound by certain Trust Documents establishing the Plaintiff Funds.

13. Pursuant to the CBA's and Participation Agreements, Terry Brown Excavating, Inc. agreed to pay contributions to the Plaintiff Funds at rates specified in the Participation Agreement, and/or CBA's.

14. Pursuant to the CBA's and Participation Agreements, Terry Brown Excavating, Inc. is required to pay contributions by the 15th of each month related to the previous month's work.

15. Pursuant to the CBA's and Participation Agreements and policies adopted by the Plaintiff Funds' Trustees, in the event Terry Brown Excavating, Inc. does not timely pay contributions, Terry Brown Excavating, Inc. shall be liable for Liquidated Damages.

16. Pursuant to the CBA's and Participation Agreements and policies adopted by the Plaintiff Funds' Trustees, as well as ERISA, in the event Terry Brown Excavating, Inc. does not timely pay contributions, Terry Brown Excavating, Inc. shall be liable for interest.

17. Pursuant to ERISA, the CBA's and Participation Agreements and policies adopted by the Plaintiff Funds' Trustees, in the event of litigation to collect a delinquency, Terry Brown Excavating, Inc. shall be liable for Plaintiffs' attorney's fees and costs.

18. Terry Brown Excavating, Inc. employs, and/or has employed, individuals who are members of, and/or represented by, local union affiliates of the District Council and LiUNA and/or on behalf of whom the Pension Fund, Annuity Fund and Welfare Fund act as designated collection agents for the receipt and processing of contributions required by the CBA's and Participation Agreement(s).

19. As a result of employing these individuals, Terry Brown Excavating, Inc. is required to report and pay contributions to the Plaintiff Funds for each hour worked by said employee pursuant to the CBA's.

20. Despite those obligations, Terry Brown Excavating, Inc. is known not to have fully reported and paid all required contributions for the period of August 2017 through March 2018.

21. Based upon reports submitted by Terry Brown Excavating and/or other information in Plaintiff Funds' possession pertaining to that period, contributions are due in the amount of *at least* $22,804.73 ("Delinquency").

22. Pursuant to § 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii), and the terms of the Trust Documents/plans establishing the Plaintiff Funds, as a result of incurring the Delinquency, Terry Brown Excavating, Inc. is liable to Plaintiffs for Liquidated Damages in the amount of at least $2,280.47.

23. Defendant is further liable for Liquidated Damages on late paid contributions for the months of February 2017 through July 2017 in the amount of $1,736.08.

24. Defendant has not reported, or paid fringe benefit contributions for any month since December 2017.

25. Inasmuch as Defendant has failed and refused to submit reports and payments, Plaintiff Funds do not know the full amount of contributions, or damages that may be due.

26. Plaintiff Funds have no adequate remedy at law, and are suffering and will continue to suffer, immediate and irreconcilable injury and damage, unless Defendant is ordered to submit said reports, with payment of all contributions and consequential damages.

27. Terry Brown Excavating, Inc. is liable to Plaintiffs for Liquidated Damages in the amount of at least $4,016.55, or a different and greater amount to be proven at trial.

28. Pursuant to § 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i), and the terms of the Trust Documents/plans establishing the Plaintiff Funds, Terry Brown Excavating, Inc. is liable to Plaintiffs for interest, in an amount to be proven at trial.

29. Pursuant to § 502(g)(2)(D)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D)(2), Terry Brown Excavating, Inc. is further liable for Plaintiffs' attorneys' fees and costs, in an amount to be proven at trial.

30. Plaintiffs have made demand upon Terry Brown Excavating, Inc. for payment of the foregoing amounts, but Terry Brown Excavating, Inc. has improperly failed and refused to do so.

31. As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

    a. Enter Judgment for Plaintiffs and against Defendant;

    b. Enter an interlocutory Order that Terry Brown Excavating, Inc. submit all outstanding remittance reports;

    c. Enter an Order awarding Plaintiffs delinquent contributions in the amount of at least $22,804.73, or a different and greater amount to be proven at trial;

    d. Enter an Order awarding Plaintiffs Liquidated Damages in the amount of at least $4,016.55, or a different and greater amount to be proven at trial;

    e. Enter an Order awarding Plaintiffs interest in an amount to be proven at trial;

    f. Enter an Order awarding Plaintiffs their attorneys' fees and costs; and

    g. Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/  James R. Kimmey
JAMES R. KIMMEY, ARDC 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs